

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-69,291-01

### EX PARTE CALVIN LETROY HUNTER

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 968719 IN THE 230TH DISTRICT COURT
### HARRIS COUNTY

*Per curiam.  ALCALA, J., filed a concurring statement.  KEASLER, J., concurs.*

## O R D E R

Applicant was convicted of the offense of capital murder in July 2004.  Based on the

jury's answers to the special issues set forth in the Texas Code of Criminal Procedure, Article

37.071, sections 2(b) and 2(e), the trial judge sentenced appellant to death.  The jury also

determined the issue of mental retardation at Applicant's trial.  Dr. George Carl Denkowski

testified as an expert witness for the State on the issue of mental retardation.        On direct

appeal, Applicant argued that the evidence was insufficient to support the jury's

determination that he is not mentally retarded. This Court overruled that point of error and affirmed the judgment of the trial court. *Hunter v. State*, 243 S.W.3d 664 (Tex. Crim. App. 2007).

In his initial writ, Applicant claimed that his execution is barred by *Atkins v. Virginia,* 536 U.S. 304 (2002), because he is mentally retarded. He specifically alleged that he was denied due process and a fair trial because Denkowski provided materially incorrect testimony with regard to the mental retardation issue. This Court denied relief. *Ex parte Hunter*, No. WR-69,291-01 (Tex. Crim. App. September 24, 2008). Applicant again raised these issues in his first subsequent writ application, which this Court dismissed as an abuse of the writ. *Ex parte Hunter,* No. WR-69,291-02 (Tex. Crim. App. January 27, 2010).

The record reflects that Applicant is currently challenging his conviction in Cause No. 4:10-cv-00778, styled *Calvin Hunter v. Rick Thaler,* in the United States District Court for the Southern District of Texas, Houston Division. On June 6, 2011, the federal district court entered an order staying its proceedings for Applicant to return to state court to present his claims.

In April 2011, Denkowski entered into a Settlement Agreement with the Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to perform forensic psychological services in the evaluation of subjects for mental retardation or intellectual disability in criminal proceedings. Applicant raised the Denkowski issues a third

time in his second subsequent writ application, *Ex parte Hunter,* No. WR-69,291-03, which was received in this Court on January 27, 2012. We construed that application as a suggestion that this Court reconsider on its own initiative its 2008 denial of his initial writ application. On April 25, 2012, we exercised our authority to reconsider the initial writ application on our own initiative, and we remanded it to allow the trial court the opportunity to re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement. On July 17, 2014, the trial court signed findings of fact and conclusions of law recommending that relief be granted and that the cause be remanded for a new punishment trial.

We have reviewed the record and the July 17, 2014 findings of fact and conclusions of law. We conclude that the trial court's recommendation is not sufficiently supported by the record. In this circumstance, additional facts are needed. This cause is remanded to the trial court for further findings of fact and conclusions of law. The trial court shall make findings of fact and conclusions of law as to whether Denkowski gave false testimony at trial with respect to adaptive deficits. The trial court shall make findings of fact and conclusions of law regarding whether, in light of all the evidence presented at trial and in punishment, there is a reasonable likelihood that Denkowski's testimony affected the judgment of the jury. *See Ex parte Weinstein,* 421 S.W.3d 656, 665 (Tex. Crim. App. 2014)(stating that false testimony is material only if there is a "reasonable likelihood" that it affected the judgment of the jury). The trial court shall also make any other findings of fact and conclusions of law

that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This cause will be held in abeyance pending the trial court's compliance with this order. The trial court shall resolve the issues presented within 60 days of the date of this order. A supplemental transcript containing the trial court's resolution or any additional findings of fact and conclusions of law shall be returned to this Court within 90 days of the date of this order.[1]

IT IS SO ORDERED THIS THE 22ND DAY OF APRIL, 2015.

Do Not Publish

---

[1] Any extensions of this time period should be obtained from this Court.